# EXiBiT

# C

Attachment #3

 AFFidavit FroM:

Private Investigator, Thomas Bereza

# AFFIDAVIT OF THOMAS G. BEREZA

STATE OF MICHIGAN)

COUNTY OF KENT    )

That I, Thomas G. Bereza, being first duly sworn states as follows regarding my independent investigation and assessment into the death of Ms. Deborah Kay Boothby:

That I have attached a copy of my C.V. to this Affidavit,

That since my retirement from the Michigan State Police in 1986, I have been self employed as a private investigator in the state of Michigan. My sole concentration in the investigative field has been as a Traffic Accident Investigator and Accident Reconstructionist Specialist.

That I am a certified Accident Reconstruction Expert and been excepted as such in courts in the United States and Canada.

That due to my extensive background and expertise in the accident reconstruction field, I make the following assessments with respect to the incident surrounding the accident causing the death of Deborah Kay Boothby. I base my assessment on the available physical evidence and the trial testimony from both court proceedings.

That I am aware of the trial court's factual testimony provided by police officers regarding the inclement weather on the night of the incident giving rise to the accident causing Ms. Boothby's death. My assessment is centered around the second trial's testimony.

That I am aware of the court's trial testimony from the EMT personnel who testified that Ms. Boothby was lying in the middle of the road. Testimony from state's witness Ms. Adrienne Burnette reveals that Ms. Boothby was intentionally placed on the shoulder of the road.

That it is my expert opinion and assessment of these facts that, statements from Ms. Burnette are not supported by physical evidence, and her trial testimony is in total opposition to the physical facts of the crime scene as outlined by the EMT employee. That is i.e., ( the location of the body, location of the blood splatter patterns and the injury to the back of Ms. Boothby's knees.)

That it is my assessment that, being run over by multiple vehicles, multiple times, it would by physically impossible for a body to have moved – crawled – walked – or rolled to the middle of the road. Paying strict attention to the testimony of Ms. Burnette, who said UNDER OATH that she was forced to run the victim over, and she said she had to "swerve" to intentionally hit the victim. My assessment is that this testimony is not truthful based on the EMT's testimony of the location of the body.

That I find no existing evidence to support the testimony of Ms. Burnette. Her trial testimony and failure to pass a Polygraph examination and attempts to shift the blame on others gives rises to questions of her truthfulness. The physical evidence of Ms. Boothby's injuries to the back of her legs are consistent with someone being hit from behind while walking – not after being hit while lying prone. Furthermore, the court files and the police records do not indicate that any measurements were taken. Thus, the vehicles involved could not be investigated properly for damages and vital evidence of involvement.

That it is my expert opinion as an accident reconstruction specialist, that the state's case is fundamentally flawed and in stark opposition with the physical evidence. No accident reconstructionist was called upon to reach a factual determination as to what exactly occurred on the night in question. There is evidence of another car's involvement. Ms. Latisha Holland, who was never investigated to a point where she was excluded as a potential responsible driver or which car caused the impact to Ms. Boothby.

In conclusion, there is evidence of two different death certificates allegedly signed by Dr. David Jerome Millard, retired. He did not testify at trial as to why he changed the cause of death from a vehicle hit and run to a homicide which resulted in criminal prosecution. In my investigation, Dr. Millard contends that he never signed either death certificate, that he never examined the body of Ms. Boothby or completed an autopsy of the body and never testified in court. This questions who signed the death certificates: a doctor, a medical examiner, and their authenticity.

That there is no evidence in the State Police files as to what additional evidence was relied upon to reopen the ten year old case.

That If I am called upon, I can and will testify truthfully to the facts upon which my opinions are based.

FURTHER AFFIENT SAYETH NOT

THOMAS G. BEREZA

Subscribed and sworn to before me on __3/1/2021__

_____ Notary Public

SALLY HENNING
NOTARY PUBLIC – STATE OF MICHIGAN
COUNTY OF KENT
MY COMMISSION EXPIRES 06/30/2021
Acting in the County of __KENT__